MARY J. WOODHEAD (5581)
380 WEST 200 SOUTH, SUITE 101
SALT LAKE CITY, UTAH 84101
TELEPHONE:(801) 532-6367
email: mjwoodhead@att.net

ATTORNEY FOR BILL ADAMS
doing business as SNAP TOWING

---

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | |
|---|---|
| **BILL ADAMS, doing business as SNAP TOWING,**         Plaintiff, vs. **DAVIS COUNTY and the DAVIS COUNTY TOWING ASSOCIATION.,**         Defendants. | **COMPLAINT** Case: Judge: |

Plaintiff Snap Towing complains of Davis County and the Davis County Towing Association and alleges as follows:

NATURE OF THE CASE

The Plaintiff seeks damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1 and 2 , commonly known as the Sherman Anti-trust Act and Utah Code Ann. §76-10-911 et seq.,  the Utah Antitrust Act. The action arises out of Defendants' combination and conspiracy in restraint of trade for the purpose of excluding Plaintiff from the business of towing vehicles from roads and highways within Davis County and conspiracy to monopolize the business of towing in Davis County. Snap

Towing brings this civil action to obtain equitable and monetary relief necessary to restore competition resulting from Defendants' unauthorized restraint of trade.

1. This Court has jurisdiction pursuant to Section 4 of the Sherman Act, 15 USC § 4, and under 28 U.S.C. § 1331 and 28 U.S.C. § 1337. The jurisdiction of this Court is also invoked, pursuant to 28 USC § 1367, on the basis that the Utah state law claims are pendent to the federal law claims pleaded herein.

2. Venue is appropriate in the Court pursuant to 28 U.S.C. § 1391 because some or all defendants reside in this judicial district and all of the events giving rise to this claim occurred within this district.

## PARTIES

3. Snap Towing is a dba of Bill Adams operating a vehicle towing business, duly licensed by the State of Utah and located in Kaysville, Utah..

4. Jack Harris Painting and Auto Body is a corporation operating a duly licensed towing business associated yard in Kaysville, Utah.

5. Davis County is a political subdivision of the State of Utah..

6. The Davis County Towing Association is a corporation located in Davis County that includes among its members some but not all tow truck operators located in Davis County.

## STATEMENT OF FACTS

7. The State of Utah has a comprehensive statutory and regulatory scheme for the licensing of tow trucks and tow truck operators including a process by which municipalities can enter into agreements with the Utah Highway Patrol for towing rotations.

8. When law enforcement in Davis County encounter cars which are either disabled

or otherwise subject to towing, the call for a tow truck is made by the Davis County dispatcher; an employee of Davis County.

9. Sometime in late 2009 or early 2010, the Davis County Towing Association entered into an agreement with Davis County whereby the Towing Association acted as a gatekeeper for towing calls within Davis County.

10. Pursuant to this arrangement Davis County and the Davis County Towing Association excluded from towing calls any tow operator who was not a paying member of the Davis County Towing Association.

11. Among those towing services excluded from dispatch calls were tow truck owners who were otherwise in compliance with federal and state laws and regulations governing the eligibility to provide dispatched towing services.

12. Snap Towing was a member of the Davis County Towing Association for a short period and after 2005 participated in the towing rotation without being a member of the association.

13. In the spring of 2010 Snap Towing was excluded from the towing rotation in Davis County by the Association, despite being otherwise eligible to tow vehicles.

14. Snap Towing was not the only otherwise eligible company so excluded.

15. Jack Harris was also was also excluded from the rotation in the spring of 2010.

16. Snap Towing had and continues to have an arrangement with Jack Harris whereby Snap Towing provides towing services on behalf of Jack Harris.

17. After receiving complaints, including from Snap Towing, that the Towing Association rotation violated federal and state antitrust laws, Davis County dispatchers ceased relying on the towing association for its towing referrals.

18. Thereafter, Snap Towing and Jack Harris were once again included in the rotation.

19. In September 2011, Davis County implemented a new towing rotation which included tow operators who completed an application and were approved by the County.

20. The application and other documents related to the rotation stated that the rotation arose out of an agreement with the Utah Highway Patrol and cited state law as the basis for the new system.

21. In fact, there was no agreement with the Utah highway patrol and the rotation did not arise out of the Utah State law.

22. Although Snap Towing was an authorized and legally constituted towing company in Davis County, it was not given notice of the new system nor was it provided any opportunity to apply for the new rotation.

23. Jack Harris Towing was also excluded from the rotation.

24. Membership in the towing rotation was solicited through the Davis County Towing Association at a meeting of the Association.

25. No effort was made to reach out by either United States mail or telephone to licensed tow operators whose businesses were located in Davis County.

26. Leadership of the Davis County Towing Association worked in combination with the Davis County Sheriff to create the new towing rotation.

27. Although Snap Towing had a long history of participating in towing rotations used by Davis County law enforcement; no effort was made to notify Snap Towing directly of the new tow rotation system.

28. The exclusionary towing rotation is applied on Interstate Highways including Interstate 15 and therefore impacts interstate commerce and interstate travel.

29. The Davis County system included numerous expensive and discriminatory requirements which were not mandated for tow trucks or tow operators by either state or federal law.

30. When Snap Towing complained about being excluded from the application process and rotation, Davis County indicated that the rotation was closed and that Snap Towing could not apply until next year.

31. No ordinance, statute or state law authorized Davis County to limit entry to the rotation to once a year applicants.

32. In 2012, both Snap Towing and Jack Harris applied again to participate in the Davis County Towing rotation.

33. Their applications were again rejected.

34. Davis County dispatch has also refused to call Snap Towing when motorists have specifically requested that Snap respond to their towing request.

35. As a result of the exclusion of Snap Towing and Jack Harris from the Davis County rotation, Snap Towing has suffering a substantial decrease in business and loss of income.

## SHERMAN ACT VIOLATIONS

36. Snap Towing hereby incorporates the allegations set forth in paragraphs 1 through 35 as if set forth herein.

37. The towing rotation created by Davis County in combination and conspiracy with the Davis County Towing Association has the effect of limiting competition and consumer choice in the consent and non-consent towing markets in Davis County by excluding

duly licensed tow operators from market participation and constitutes an unreasonable restraint of trade.

38.     The towing rotation created by Davis County has the effect of monopolizing trade and commerce in the consent and non-consent towing markets in Davis County in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2.

39.     The towing rotation created by the Davis County Sheriff was not authorized by state law at the time the non-statutory requirements were authorized and the decision to exclude Snap Towing occurred.

40.     The exclusionary towing rotation has a direct effect on interstate commerce through the exclusion of Snap Towing from consent and non-consent towing on interstate highways.

41.     Snap Towing suffered direct economic injury, including lost business, as a result of the combination and conspiracy by the Davis County Sheriff and the Davis County Towing Association to unreasonably restrain trade within the Towing Rotation and the actions of defendants to exclude Snap Towing and other duly licensed tow operators from the towing rotation.

## UTAH ANTI-TRUST LAW VIOLATIONS

42.     Snap Towing hereby incorporates the allegations set forth in paragraphs 1 through 41 as if set forth herein.

43.     The towing rotation created by Davis County in combination and conspiracy with the Davis County Towing Association has the effect of limiting competition and consumer choice in the consent and non-consent towing markets in Davis County by excluding duly

licensed tow operators from market participation and constitutes an unreasonable restraint of trade.

44. The towing rotation created by Davis County was not authorized by state law at the time the non-statutory requirements were authorized and the decision to exclude Snap Towing occurred.

45. The towing rotation had the effect of limiting competition and excluding otherwise qualified competitors from participating in the towing business in Davis County.

46. Snap Towing was excluded from the towing business in Davis County as a result of the conspiracy and combination by Davis County and the Davis County Towing Association..

47. Consumer choice was negatively impacted by the forbidden restraint of trade and commerce by the Davis County and the Davis County Towing Association.

48. As a result of the violation of the Utah Anti-trust law, Snap Towing suffered lost income, in an amount to be determined at trial.

Wherefore, Snap Towing prays for judgment against defendants as follows:

A. A finding by the Court that Davis County and the Davis County Towing Association engaged in violations of the Sherman Anti-Trust Act as set forth herein;

B. A finding by the Court that Davis County and the Davis County Towing Association engaged in violations of the Utah Anti-Trust Act as set forth herein.

C. an order preventing defendants from continuing to operate any towing rotation which excludes any tow operator on any basis not otherwise required by law..

D. An award of damages as proven by Snap Towing representing all business lost as a consequence of the conspiracies and combinations engaged in by Defendants.

E. Consequential damages to the extent such damages are allowed by law;

F. Treble damages to the extent such damages are allowed by law;

G. An award of costs and attorneys fees; and

H. Such other relief as the court deems just and proper.

DATED this 6th day of August, 2013.

    /Mary J. Woodhead/
MARY J. WOODHEAD
ATTORNEY FOR PLAINTIFF