Linette B. Hutton (#6408)
**HUTTON LAW ASSOCIATES, P.C.**
341 South Main Street, #500
Salt Lake City, UT 84111
Telephone: (801) 428-0333
Fax: (801)534-1948
linette@hutton-law.com
*Attorneys for Defendant Davis County*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| BILL ADAMS, d/b/a SNAP TOWING, | : | **DAVIS COUNTY'S MOTION FOR** |
| | : | **JUDGMENT ON THE PLEADINGS AND** |
| Plaintiff, | | **MEMORANDUM IN SUPPORT** |
| | : | |
| vs. | | Civil No.: 1:13cv111 |
| | : | |
| DAVIS COUNTY, and the DAVIS COUNTY | | Judge Ted Stewart |
| TOWING ASSOCIATION, | : | |
| | | |
| Defendants. | : | |

Pursuant to DUCivR 7-1(a), Fed. R.Civ. P. 12(b)(1) and 12(c), Defendant Davis County, by and through counsel undersigned, hereby moves this Court for Judgment on the Pleadings, for failure to state a claim and for lack of subject matter jurisdiction, for failure to meet the threshold requirements to state a claim under the Sherman and Clayton Acts that rises above the level of pure speculation and is not based on conclusory allegations. Further, Davis County and Davis County Towing Association are immune from liability for the acts alleged pursuant to both federal and state law.

Defendant Davis County also joins in Defendant Davis County Towing Association's Motion to Dismiss and adopts its arguments in support thereto, offering additional argument in support of dismissal in a Memorandum of facts and law filed contemporaneously herewith.

4018.082

## INTRODUCTION

Plaintiff has sued Davis County and Davis County Towing Association, alleging "violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2," and the Utah Antitrust Act, Utah Code Ann. § 76-10-911 *et seq.  See* First Amended Complaint (hereinafter "Complaint"), at ¶¶ 39-42, 43-49. Inasmuch as Plaintiff has failed to adequately plead a violation of either of the federal or state antitrust Acts, the Plaintiff's Complaint must be dismissed.

In deciding a Rule 12(c) motion, the court "appl[ies] the same standard as that applicable to a motion under Rule 12(b)(6)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 578 n.5 (2007).  Plaintiff argues in his Memorandum Opposing Davis County Towing Association's Motion to Dismiss (hereinafter "Opposition"), that his complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Plaintiff's Opposition at pg. 2.  However, the Supreme Court has clarified in *Bell Atlantic Corp. v. Twombly* that "this famous observation has earned its retirement."  *Id.,* at 547.  The quote from *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957), "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."  *Twombly,* 550 U.S. at 563.  Thus, the threshold requirement of Rule 8(a)(2) requires that there be enough factual allegations to raise a right to relief above the speculative level.  *Id.* at 555.  Plaintiffs must provide sufficient facts to "nudge their claims across the line from conceivable to plausible."  *Id.* at 570.  Moreover, the court is not limited to the face of the complaint when considering a 12(b)(6) [or 12(c)] motion to dismiss.  The court "may [also] consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing

4018.082

the suit." *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013)[1]; *see* also *Needham v. Fannie Mae*, 854 F. Supp. 2d 1145  (D. Utah 2012) (the use of exhibits specifically referenced by Plaintiff does not convert a pleadings-based motion to a motion for summary judgment).

Plaintiff specifically cites to Utah's "comprehensive statutory and regulatory scheme" for governmental entities, including Davis County, to create towing rotations.  *See* Opposition at pg. 2; *see* also Utah Code Ann. §§ 76-10-3109; Utah Admin. Rule R714-600, 873-22M-17, 909-19.  As previously described in the Davis County Towing Association Memorandum, Davis County law enforcement, along with all of the Davis County towing companies, were invited to participate in a meeting in early 2002, at which time the towing rotation was discussed.  In July 2002, an agreement was executed and the police agencies began using the towing companies pursuant to a predetermined rotation log.

Plaintiff Bill Adams, driving as both Snap Towing and as Jack Harris Towing, participated in the rotation, including when Plaintiff was not a member of the Davis County Towing Association.  The Davis County Towing Association discontinued doing business in July 2010.  *See* Utah Department of Commerce, Division of Corporations, business search website.  Moreover, access to both the Towing Rotation Application and applicable guidelines for both the Utah Highway Patrol and Davis County Law Enforcement are available on the internet at towingutah.org and www.co.davis.ut.us, and both limit

---

[1]   When there are allegations that certain disclosures were not made in publicly available documents, we may look to those documents to see whether such disclosures were in fact made. *Slater,* 719 F.3d at 1196 (citing *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)). And if those documents conflict with allegations in the complaint, we need not accept those allegations as true. *See Daniels-Hall v. National Educ. Assn*, 629 F.3d 992, 998 (9th Cir. 2010); *Roth*, 489 F.3d at 511 (affirming "principle that the contents of the document are controlling where a plaintiff has alleged that the document contains, or does not contain, certain statements");  *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) ("Nor must we accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice.").

4018.082

enrollment to once per year as mandated by Utah Administrative Code R714-600-5.  Failure to submit a completed application, or failure to comply with the statutory and regulatory requirements, precludes participation and there is no statutory or regulatory requirement that the state or its subdivisions "reach out by United States mail or telephone" to individual tow operators as Plaintiff argues.  *See* Amended Complaint at pg. 4.

<u>**ARGUMENT**</u>

I.    **PLAINTIFF'S CONCLUSORY ALLEGATIONS ARE INSUFFICIENT TO SUPPORT CLAIMS UNDER THE SHERMAN ACT.**

    A.    **Plaintiff Fails to Plead a Nexus Between the Defendants' Conduct and Interstate Commerce.**

The Sherman Act states that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States . . . is declared to be illegal."  *See* 15 U.S.C. § 1.  The Plaintiff in this case sets forth vague and unsupported claims.  He states that Davis County and the Davis County Towing Association "in combination and conspiracy," "had the effect of limiting competition and consumer choice in the consent and nonconsent towing markets by excluding duly licensed tow operators from market participation and constitutes an unreasonable restraint of trade." *See* Amended Complaint at ¶ 38.  Plaintiff continues, stating that the towing rotation "has the effect of monopolizing trade and commerce in the consent and nonconsent towing markets." *Id.* at ¶ 39.  He fails, however, to describe any conduct that might be construed as a conspiracy, an illegal act, or whom the actual persons were who acted to restrain his trade, or even explain how a towing rotation restrains his trade or affects his business, or how the Defendants prevented him from completing and submitting the applications for either or both Davis County and the Utah Highway Patrol.  *See*  towingutah.org and www.co.davis.ut.us.

"A complaint is subject to dismissal where it does little more than recite the relevant antitrust laws." *Tal v. Hogan,* 453 F.3d 1244, 1261 (10th Cir. 2006) (citations omitted).  Conclusory allegations are insufficient. *Id.*  Bare bones accusations of a conspiracy without any supporting facts are insufficient to state an antitrust claim. *Id.*  Moreover, the use of antitrust "buzz words" does not supply the factual circumstances necessary to support conclusory allegations. *Id.*  The Plaintiff's Complaint completely fails to describe any unlawful conduct between Davis County and the Davis County Towing Association that would restrain Plaintiff's trade, a "fundamental prerequisite" to a Sherman Act claim. *Contracto Utility Sales v. Certain-Teed Products*, 638 F.2d 1061, 1074 (7th Cir. 1981).

### B.      The Interstate Commerce Jurisdictional Requirements Have Not Been Met

Jurisdiction under the Sherman Act may not be invoked unless the relevant aspect of interstate commerce is identified; it is not sufficient merely to rely on identification of a relevant local activity and to presume an interrelationship with some unspecified aspect of interstate commerce.  *McLain v. Real Estate Bd.,* 444 U.S. 232, 242 (1980).  "It is now hornbook law that to satisfy interstate commerce jurisdiction under the Sherman Act, the challenged activity must occur in the flow of interstate commerce, or, though occurring on a purely local level, substantially affect interstate commerce." *Park City Mun. Corp. v. Bureau of Reclamation,* 2010 U.S. Dist. LEXIS 117311 (D. Utah Nov. 2, 2010) (citing *Crane v. Intermountain Health Care, Inc*., 637 F.2d 715, 722 (10th Cir. 1980)).  Thus, the party claiming a violation of the Sherman Act "must (1) identify a 'relevant' aspect of interstate commerce, and (2) specify its relationship to the defendant's activities alleged to be 'infected' with illegality." *Id.* at *14 (*Crane* at 723).  Further, the plaintiff must show that defendant's challenged activities have a "not insubstantial effect on the interstate commerce involved." *McLain*, 444 U.S. at 246.  The requirement applies equally whether arguing a section 1 or section 2 violation of the Sherman Act. *See TV Comm.*

*Network, Inc. v. TNT, Inc.,* 964 F.2d 1022, 1026 (10th Cir. 1992) (to establish a violation of section 2, plaintiff must plead facts sufficient to support an effect upon an appreciable amount of interstate commerce).

In this case, the Plaintiff simply makes the conclusory statement that "[t]he exclusionary towing rotation is applied on Interstate Highways including Interstate 15 and therefore impacts interstate commerce and interstate travel." *See* Complaint at ¶ 29.  The activity of towing a vehicle, even *assuming* the tow was from the Interstate, does not make the activity one <u>in</u> interstate commerce.  Indeed, there is no allegation that the rotation log was exclusively for tows arising on the Interstate, or what portion of the nonconsent tows were local. Nor does the Plaintiff allege that his business revenue is dependent upon towing out-of-state vehicles, or what portion, if any, of the vehicles towed as a result of the rotation was from the interstate versus state roads, or was out-of-state vehicles. The Plaintiff must show a nexus, assessed in practical terms, between interstate commerce and the challenged activity.  *J & D Automotive, Inc. v. A Tow Service, Inc.*,  1987 U.S. Dist. LEXIS 846, *5 (D. Kan. 1987) (citing to *Crane,* 637 F.2d at 722)).  "A mere allegation that the defendants' general or overall business affects interstate commerce falls short of alleging this required nexus." *Crane* at 724.  As the Crane court noted, the Plaintiff has made no allegation that his business has a substantial effect on interstate commerce, only that it "impacts" interstate commerce.  "A 'substantial effect' is one having a direct and significant impact on interstate commerce, and not merely an inconsequential, remote or fortuitous effect." *Id.* at *5.  Clearly, the Plaintiff in this case has failed to meet the jurisdictional requirements to support a claim under the Sherman Act.

In *J&D Automotive*, the plaintiff alleged that he was restrained from his business of towing vehicles from the streets and highways of Kansas City, Kansas, into and out of Missouri.  *J&D*

4018.082

*Automotive,* at *4.  The court held, "even assuming these allegations to be true, we would be hard-pressed to conclude that these activities substantially affected commerce between the states of Kansas and Missouri."  *Id.* at *5.  Similarly, merely because the Plaintiff in this case may have towed a vehicle from the interstate to a garage or lot in Davis County, does not meet the "substantial effect on interstate commerce" required by the Act and Plaintiff's Complaint should be dismissed.

## II.   THE DEFENDANTS ARE IMMUNE FROM STATE AND FEDERAL ANTITRUST CLAIMS.

### A.   The Defendants are Entitled to "Federalism-Based State Immunity."

In *Parker v. Brown*, 317 U.S. 341 (1943), the Supreme Court held "nothing in the language of the Sherman Act or its history . . . suggests that its purpose was to restrain a state or its officers or agents from activities directed by its legislature," *Id.* at 350-51, and "the state . . . as sovereign, imposed the restraint as an act of government which the Sherman Act did not undertake to prohibit."  *Id.* at 352.  In 1980, the Supreme Court narrowed somewhat the application of the *Parker* Doctrine by imposing a two-part test.  *California Retail Liquor Dealers Assn. v. Midcal Aluminum*, 445 U.S. 97 (1980).  "First, the challenged restraint must be 'one clearly articulated and affirmatively expressed as state policy;' second, the policy must be 'actively supervised' by the state itself."  *Id.* at 105.

The Utah Legislature has included within the Motor Vehicles Act statutes governing the seizure, towing and impound of vehicles.  *See* Utah Code Ann. §§ 41-1a-1101, 41-6a-1405.  The legislature also has very specific statutory and regulatory guidelines and controls of tow trucks, including equipment requirements, fees and rates, insurance requirements and  licensing requirements.  *Id.* at §§ 72-6a-601 to 605, Utah Admin. Code, § R714-600, R873-22M-17 and 909-19; *see* also Davis County Ordinances §§ 10.04.020, 10.04.040, 8.08.030, governing towing of vehicles.  Contrary to Plaintiff's claims, Utah's Administrative Code specifically provides for a once-a-year enrollment in the towing rotation to occur

4018.082

in July.  *See* Admin. Code R714-600-5, authorized by Utah Code Ann. § 41-6a-1406(10).

To facilitate and coordinate the towing calls and the multiple local towing companies, law enforcement agencies across the state have sought methods to effectively manage the towing process. The Davis County Towing Association, in conjunction with Davis County, set up agreements with the various municipal law enforcement agencies.  The agreements include the statutory and regulatory requirements to participate in towing and storage of towed vehicles, whether consent or nonconsent. Failure to comply with these requirements, including insurance requirements, precludes participation. Such an action does not restrain trade and is immune from application of the antitrust laws.

The Sherman Act, 15 U.S.C. §§ 1 and 2, do not provide for civil action, or a personal right of action for injury caused by the restricted acts.  Section 15 provides the link between the right of action and the prohibited acts.  In 1984, however, the U.S. Congress enacted the Local Government Antitrust Act, 15 U.S.C. §§ 34-36, which prohibits recovery of damages for antitrust violations from local government, its officials and agents.

The Supreme Court established a two-part test for the state action immunity doctrine.  First, the challenged restraint must be "one clearly articulated and affirmatively expressed as state policy."  Utah has clearly articulated its intent regarding vehicle removal and storage authority; it is clear and specific enough to satisfy the "authorization" prong of the two-part state action immunity test.  The Legislature explicitly authorizes its municipalities, including Davis County, to remove vehicles from the streets and to designate garages for storage of the impounded vehicles.  *See* Utah Code Ann. §§ 41-6a-1405 (peace officer authorized to move vehicles); 41-6a-1406 (removal and impoundment of vehicles); 41-6a-1408 (removal of abandoned vehicles); 72-9-601 (tow truck motor carrier requirements); 72-9-602 (towing inspections, investigations, equipment requirements); 72-9-603 (rules for maximum rates and

4018.082

certification); 72-9-604 (regulatory powers of local authorities).  This authorization is clear and specific and meets the requirements articulated in *Parker v. Brown.  See* also *Midcal*, 445 U.S. at 105; *Metro Towing v. City of Los Angeles,* 1996 U.S. App. LEXIS 14565 (9th Cir. 1996), 86 F.3d 1162 (9th Cir. 1996) (unpublished opinion).  The statutory regime for vehicle removal and towing found in the Utah Code and the Utah Administrative Code also satisfies the "anticompetitive intent" part of the state-action immunity test.  *Id.*  The State clearly actively supervises the towing industry.  The State has established and governs the creation and maintenance of a towing rotation list.  *See* Utah Admin. Code R714-600 *et seq.*  It also dictates the safety regulations of tow truck operations and equipment.  Utah Admin. Code R909-19 *et seq.*, including towing rates, cost of certification and liability insurance.  It requires submission of annual certification and application to the towing rotation, Utah Admin. Code R714-600-5. R909-19-8.  It also sets forth the standards for impound lots.  Utah Code Ann. § 41-1a-1101, Utah Admin. Code R873-22M-17.  Thus, Davis County retains state-action immunity.

"We find nothing in the language of the Sherman Act or in its history which suggests that its purpose was to restrain a state or its officers or agents from activities directed by its legislature."  *Parker*, 317 U.S. at 326.  Thus, Plaintiff's Sherman Act claims should be dismissed with prejudice as to both Defendants.

### B.      Defendants Are Also Immune From The Utah Antitrust Law.

Plaintiff's claims for recovery pursuant to the Utah Antitrust Law are similarly unavailing.  Utah Code Ann. § 76-10-3109(4) provides:

No damages, costs, or attorney fees may be recovered under this section:

(a)      from any political subdivision;

(b)      from the official or employee of any political subdivision acting

4018.082

in an official capacity; or

(c)    against any person based on any official action directed by a political subdivision or its official or employee acting in an official capacity.

There is no dispute that Davis County is a political subdivision.  As such, Plaintiff's claims are barred as to Davis County, and the Association who was "act[ing] at the direction of the political subdivision . . . "  Thus, Plaintiff's First Amended Complaint should be dismissed with prejudice.

## CONCLUSION

Based upon the foregoing, as well as the arguments set forth by the Davis County Towing Association in its Motion to Dismiss in the Memorandum filed on October 30, 2013 and the Reply filed December 11, 2013, Davis County respectfully asks the Court to dismiss Plaintiff's claims with prejudice.

Dated this 30th day of December, 2013.

**HUTTON LAW ASSOCIATES, P.C.**


By:   /s/ Linette B. Hutton
        LINETTE B. HUTTON
        Attorneys for Defendant Davis County

4018.082

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 30th day of December 2013, I caused to be served a true and correct copy of the foregoing DAVIS COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM IN SUPPORT to be served ***via electronically*** through the court CM/ECF system and/or via United States Mail, postage prepaid, to the parties indicated below:

| | |
|---|---|
| Mary J. Woodhead | ( ) U.S. Mail, Postage Prepaid |
| 380 West 200 South, Suite 101 | ( ) Hand Delivered |
| Salt Lake City, UT 84101 | ( ) Overnight Mail |
| mjwoodhead@att.net | ( ) Facsimile |
| | (X) Electronic Filing System |

| | |
|---|---|
| Brain C. Johnson | ( ) U.S. Mail, Postage Prepaid |
| Jeffery J. Owens | ( ) Hand Delivered |
| Jesse A. Frederick | ( ) Overnight Mail |
| STRONG & HANNI | ( ) Facsimile |
| 3 Triad Center, Suite 500 | (X) Electronic Filing System |
| Salt Lake City, Utah 84180 | |

                                 /s/ Erin Robinson

4018.082